UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

IN RE:

ARNOLD R. DORMER, JR.                         Case No. 11-27934-PJD

Debtor.                                       Chapter 11

_____

THIRD AMENDED PLAN OF REORGANIZATION

_____

COMES NOW the Debtor-in-possession, and proposes the following Third Amended Plan of Reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. This Amended Plan incorporates Plan treatment mandated in multiple Agreed Orders resolving Objections to Confirmation and also reflects the post-petition release of liens in Classes 8 and 9. To the extent that the the provisions of this Amended Plan differ from the terms of previously entered Agreed Orders on Objection to Confirmation, the provisions in the Agreed Orders shall control and take precedence.

ARTICLE 1.

DEFINITIONS

The terms set forth in this Article 1 shall have the respective meanings hereinafter set forth. Any capitalized term used but not otherwise defined herein shall have the meaning given to that term in the Bankruptcy Code.

1.1    Administrative Claim:  shall mean any cost or expense of administration of the Debtor's Chapter 11 case entitled to priority in accordance with sections 503(b) and 507(a)(1) of the Bankruptcy Code, including any fees or charges assessed against the Debtor's estate under 28 U.S.C. Section 1930.

1.2     Allowed Amount:  shall mean the amount of a Claim that is listed in the Debtor's schedules as not disputed, contingent, or unliquidated:

1.2.1    if the holder of such Claim has not filed a proof of claim by the Bar Date; or

1.2.2    if a holder has filed a timely proof of claim:

1.2.1    the amount stated in such Claim; or

1.2.2    if an objection to such Claim is filed, such amount as shall be fixed by Final Order of the Bankruptcy Court.

1.3     Bar Date:  shall include  for creditors other than governmental units, or for governmental units.

1.4     Code:  shall mean the United States Bankruptcy Code under Title 11 of the United States Code.

1.4     Confirmation Date:  shall mean the date of entry of the Order Confirming Plan; provided, however, that if said Order is stayed pending appeal, then the Confirmation Date shall be the date of entry of the Final Order vacating such stay or the date on which the stay expires or is no longer in effect.

1.6     Debtor:  shall mean as Debtor-in-possession and as the reorganized Debtor.

1.7     Disputed Claim:  shall mean any claims to which a proof of claim has been filed or deemed filed under applicable law, as to which an objection has been or may be timely filed by Debtor and which objection, if timely filed, has not been withdrawn on or before any dated fixed for filing such objections by the Plan or Order of the Court and which has not been overruled or denied by a final Order of the Court.

Prior to the time that an objection has been or may be timely filed, for the purposes of the Plan, a Claim shall be considered a Disputed Claim in its entirety if: (i) the amount of the Claim specified in the proof of claim exceeds the amount of any corresponding claim as listed in the Debtor's Schedules; (ii) any corresponding scheduled claim has been scheduled as disputed, contingent, or unliquidated; or (iii) no corresponding claim has been scheduled.

1.8     Effective Date:  shall mean the first business day following forty-five (45) days after the Confirmation Order becomes a Final Order.

1.9     Plan:  shall mean this Plan proposed by the Debtor, or as it may be amended or modified.

ARTICLE 2.

OBJECTION AND EXECUTION OF THE PLAN

2.1     Objective of the Plan.  The primary objective of the Plan is to pay valid claims of the Debtor while preserving the value of the Debtor's business.

2.2     Execution of the Plan.  The Plan will be carried out and funded by future rents and income generated by the Debtor.  The Debtor may also sell property in order to pay general unsecured creditors.

ARTICLE 3.

CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS

3.2     The claims of creditors shall be classified as follows:

Class 1 shall consist of Administrative Claims.

3

Class 2 shall consist of Claims of governmental entities entitled to priority by §§ 507(a)(8) of the Code as finally allowed by the court, including but not limited to the claim of the Internal Revenue Service in the amount of $3,500.

Class 3 shall consist of the property tax claims of the City of Memphis.

Class 4 shall consist of the property tax claims of Shelby County.

Classes 5 through 156 shall consist of the claims of mortgage lenders to the extent secured by deeds of trust on real property located in Memphis, Shelby County, Tennessee, set out in the following Table as follows:

| Class | Creditor | Collateral Description |
|---|---|---|
| 5 | AHMSI | 4037 Knob |
| 6 | AHMSI | 2512 LaBonte |
| 7 | AHMSI | 4056 Mountain Terrace |
| 8 | AHMSI | 4060 Mountain Terrace |
| 9 | AHMSI | 4084 Mountain Terrace |
| 10 | AHMSI | 5979 Prairie Cv |
| 11 | AHMSI | 5957 Wagon Hill Rd E |
| 12 | AHMSI | 5958 Wagon Hill Rd E |
| 13 | AHMSI | 5962 Wagon Hill Rd E |
| 14 | AHMSI | 5964 Wagon Hill Rd E |
| 15 | AHMSI | 5998 Wagon Hill Rd E |
| 16 | America's Servicing Co. | 4135 Mountain Terrace |
| 17 | Bank of America | 4049 Knob |
| 18 | America's Servicing Co. | 4436 Suncrest |
| 19 | America's Servicing Co. | 5944 Wagon Hill Rd E |
| 20 | America's Servicing Co. | 5984 Wagon Hill Rd E |
| 21 | America's Servicing Co. | 5992 Wagon Hill Rd E |
| 22 | America's Servicing Co. | 4193 Wagon Wheel Dr |
| 23 | America's Servicing Co. | 4233 Wagon Wheel Dr |
| 24 | America's Servicing Co. | 2498 Wellons |

| 25 | Aurora Loan Services | 1762 Corning |
| 26 | Aurora Loan Services | 4146 Mountain Terrace |
| 27 | Aurora Loan Services | 4155 Mountain Terrace |
| 28 | Aurora Loan Services | 4156 Mountain Terrace |
| 29 | Aurora Loan Services | 4175 Mountain Terrace |
| 30 | Aurora Loan Services | 1855 Whitney Ave. |
| 31 | Banco Popular North America | 4132 Mountain Terrace |
| | | |
| 32 | Bancorp South Mortgage | 885 Bingham |
| 33 | Bancorp South Mortgage | 4551 Cedargreen Cv |
| 34 | Bancorp South Mortgage | 4549 Cedar Leaf Cv |
| 35 | Bancorp South Mortgage | 4550 Cedar Leaf Cv |
| 36 | Bancorp South Mortgage | 4558 Cedar Leaf Cv |
| 37 | Bancorp South Mortgage | 3356 Farmville |
| 38 | Bancorp South Mortgage | 3370 Farmville |
| 39 | Bancorp South Mortgage | 4070 Knob |
| 40 | Bancorp South Mortgage | 4545 Longtree |
| 41 | Bancorp South Mortgage | 4549 Longtree |
| 42 | Bancorp South Mortgage | 4555 Longtree |
| 43 | Bancorp South Mortgage | 4561 Longtree |
| 44 | Bancorp South Mortgage | 4567 Longtree |
| 45 | [Reserved] | |
| 46 | Bancorp South Mortgage | 1730 Marble |
| 47 | Bancorp South Mortgage | 214 Merton |
| 48 | [Reserved] | |
| 49 | Bancorp South Mortgage | 3073 Pershing |
| 50 | Bancorp South Mortgage | 2529 Selman |
| 51 | Bancorp South Mortgage | 3637 Townes |
| | | |
| 52 | Bank Of America | 4555 Cedar Leaf Cv |
| 53 | Bank Of America | 4556 Cedar Leaf Cv |
| 54 | Bank Of America | 3314 Cicalla |
| 55 | Bank Of America | 3044 Coleman |
| 56 | Bank Of America | 3446 Farmville |
| 57 | Bank Of America | 4069 Knob |
| 58 | Bank Of America | 1149 Merchant |

| 59 | Bank Of America | 1153 Merchant |
|---|---|---|
| 60 | Bank Of America | 2467 Yale |
| 61 | Central Loan Administration & Reporting | 4066 Mountain Terrace |
| 62 | Central Loan Administration & Reporting | 4072 Mountain Terrace |
| 63 | Central Loan Administration & Reporting | 4078 Mountain Terrace |
| 64 | Central Loan Administration & Reporting | 4090 Mountain Terrace |
| 65 | Central Loan Administration & Reporting | 2514 Redvers |
| 66 | Chase | 424 Carpenter |
| 67 | Chase | 4436 Cedar Bark Cv |
| 68 | Chase | 4445 Cedar Bark Cv |
| 69 | Chase | 4453 Cedar Bark Cv |
| 70 | Chase | 635 Dunlap |
| 71 | Chase | 2414 Durham Dr |
| 72 | Chase | 2422 Durham Dr |
| 73 | Chase | 946 Faxon |
| 74 | Chase | 960 Faxon |
| 75 | Chase | 2583 Hawkins Mill |
| 76 | Chase | 2589 Hawkins Mill |
| 77 | Chase | 2595 Hawkins Mill |
| 78 | Chase | 2603 Hawkins Mill |
| 79 | Chase | 4007 Hofburg |
| 80 | Chase | 4039 Hofburg |
| 81 | Chase | 4541 Janice |
| 82 | Chase | 2453 Knob |
| 83 | Chase | 4045 Knob |
| 84 | Chase | 4053 Knob |
| 85 | Chase | 4057 Knob |
| 86 | Chase | 4141 Leroy |
| 87 | Chase | 4022 McWeeny |
| 88 | Chase | 207 Merton |
| 89 | Chase | 211 Merton |
| 90 | Chase | 4134 Mountain Terrace |

| 91 | Chase | 4206 Mountain Terrace |
| 92 | Chase | 1172 Panama |
| 93 | Chase | 2455 Rammesses |
| 94 | Chase | 2461 Rammesses |
| 95 | Chase | 2467 Rammesses |
| 96 | Chase | 4005 Rangeline |
| 97 | Chase | 4011 Rangeline |
| 98 | Chase | 1276 Saxon |
| 99 | Chase | 5950 Wagon Hill Rd E |
| 100 | Chase | 5954 Wagon Hill Rd E |
| 101 | Ashley or Mason Bailey | 3216-3218 Mountain Terrace |
| 102 | Chase | 5982 Wagon Hill Rd E |
| 103 | Chase | 5986 Wagon Hill Rd E |
| 104 | Chase | 4084 Wagon Wheel Dr |
| 105 | Chase | 4228 Wagon Wheel Dr |
| 106 | Chase | 242 Williford |
| | | |
| 107 | EMC Payment Processing | 4141 Mountain Terrace |
| 108 | EMC Payment Processing | 4166 Mountain Terrace |
| 109 | EMC Payment Processing | 4183 Mountain Terrace |
| 110 | EMC Payment Processing | 4191 Mountain Terrace |
| 111 | EMC Payment Processing | 4209 Mountain Terrace |
| 112 | EMC Payment Processing | 5948 Wagon Hill Rd E |
| 113 | EMC Payment Processing | 5990 Wagon Hill Rd E |
| 114 | EMC Payment Processing | 5994 Wagon Hill Rd E |
| 115 | EMC Payment Processing | 4205 Wagon Wheel Dr |
| 116 | EMC Payment Processing | 4237 Wagon Wheel Dr |
| 117 | EMC Payment Processing | 2492 Wellons |
| | | |
| 118 | Gmac Mortgage | 4207 Beacon Hills Rd |
| 119 | Gmac Mortgage | 3569 Marion Ave |
| 120 | Gmac Mortgage | 1152 Merchant |
| 121 | Gmac Mortgage | 5940 Wagon Hill Rd E |
| 122 | Gmac Mortgage | 5941 Wagon Hill Rd E |
| 123 | Gmac Mortgage | 5945 Wagon Hill Rd E |
| 124 | Gmac Mortgage | 5947 Wagon Hill Rd E |
| 125 | Gmac Mortgage | 5978 Wagon Hill Rd E |

| | | |
|---|---|---|
| 126 | Gmac Mortgage | 5980 Wagon Hill Rd E |
| 127 | Gmac Mortgage | 5987 Wagon Hill Rd E |
| 128 | Gmac Mortgage | 5993 Wagon Hill Rd E |
| | | |
| 129 | Independent Bank | 5980 Prairie Cv and 4339 Waverly Farms |
| 130 | Independent Bank | 2479 Dana Cove, 2209 Durham, |
| | | 4167 Mountain Terrace, 1149 National |
| | | 3360 Farmville, 2505 Hale |
| | | 3708 Irma, 215 Merton |
| | | 1616 Oberle, 3067 Pershing, 1438 Weymouth |
| | | |
| 131 | Insouth Bank | 1131 National and 3678 Fairoaks |
| 132 | Insouth Bank | 4272 Hobson Cv |
| 133 | Insouth Bank | 1525 Roosevelt |
| | | |
| 134 | Litton Loan Servicing LP | 4212 Beacon Hills Rd |
| 135 | Litton Loan Servicing LP | 4430 Cedar Bark Cv S |
| 136 | Litton Loan Servicing LP | 4433 Cedar Bark Cv S |
| 137 | Litton Loan Servicing LP | 4439 Cedar Bark Cv S |
| 138 | Litton Loan Servicing LP | 4442 Cedar Bark Cv S |
| 139 | Litton Loan Servicing LP | 4448 Cedar Bark Cv S |
| 140 | Litton Loan Servicing LP | 4452 Cedar Bark Cv S |
| 141 | Litton Loan Servicing LP | 4474 Cedar Bark Cv S |
| 142 | Litton Loan Servicing LP | 4588 Longtree |
| 143 | Litton Loan Servicing LP | 4589 Longtree |
| 144 | Litton Loan Servicing LP | 4234 Wagon Wheel Dr |
| 145 | Litton Loan Servicing LP | 2448 Wellons |
| 146 | Litton Loan Servicing LP | 2456 Wellons |
| 147 | Litton Loan Servicing LP | 2462 Wellons |
| 148 | Michelle Pettigrew | 2391 Hillside |
| 149 | Specialized Loan Servicing, LLC | 4147 Mountain Terrace |
| 150 | Urban Trust Bank | 1154 Merchant |
| | | |
| 151 | Wells Fargo Home Mortgage | 4041 Knob |
| 152 | Wells Fargo Home Mortgage | 4061 Knob |
| 153 | Wells Fargo Home Mortgage | 4065 Knob |

| 154 | Wells Fargo Home Mortgage | 4073 Knob |
| 155 | Wells Fargo Home Mortgage | 4077 Knob |
| 156 | Wells Fargo Home Mortgage | 4081 Knob |

Class 157 shall consist of Unsecured Nonpriority claims as finally allowed by the court that are not otherwise included in any other Class of Claims.

ARTICLE 4.

TREATMENT OF CLAIMS AND INTERESTS

4.1    Class 1 Administrative Claims.

Allowed Class 1 claims shall be paid in cash on the Effective Date of the Plan. Any administrative claims representing liability incurred in the ordinary course of business of the Debtor may be paid in cash in the ordinary course of business.  Included in this class are the attorney and accountant's fees incurred by the Debtor.  Additionally, any United States Trustee Quarterly Fees due and owing or assessable prior to confirmation shall be paid in full on the Effective Date of the Plan and any post-confirmation United States Trustee Fees shall be paid pursuant to 28 U.S.C. Section 1930(a)(6).  Class 1 is deemed to be unimpaired.

4.2    The Class 2 Claim of the United States Treasury, if any, shall be paid in full on the Effective Date of the Plan.

4.3    The Class 3 Claims of City of Memphis shall be paid by the mortgage holder for each respective property from funds held in escrow for this purpose.  Those properties and the responsible mortgagee include all of those numbered Classes described in Article 3 of the Plan that are located in the City of Memphis, with the exception of the following Classes:  31, 101, 130, 131 and 132.

The following properties identified by the City of Memphis account number and address are hereby surrendered to the City of Memphis as lien holder, which may proceed with its state law remedies.

| | | |
|---|---|---|
| 033012 | 00014 | 215 N. Merton |
| 043058 | 00028 | 3360 Farmville |
| 043059 | 00026 | 1149 National |
| 052026 | 00063 | 2479 Dunlap |
| 052087 | 00005 | 3067 Pershing |
| 053070 | 00069 | 1438 Weymouth |
| 071048 | A00003 | 2209 Durham Dr. |
| 072097 | 00030 | 3708 Irma |
| 033013 | 00010 | 2505 Hale |
| 070035 | 00016 | 1616 Oberle |
| 071048 | F00231 | 4167 Mt. Terrace |
| 052083 | 00019 | 3048 Coleman |
| 071048 | F00235 | 0 Mt. Terrace |

The Class 3 Claims of the City of Memphis pertaining to all other properties to be retained under the Plan with an outstanding tax liability shall be paid over a period of time not to exceed sixty (60) months from the date the petition in this case was filed, with annual interest of 12%, in a manner more particularly set out below. The City has filed a Proof of Claim in the amount of $32,053.01.

Notwithstanding any other provisions contained herein, the City of Memphis is the holder of a pre-petition claim for ad valorem property taxes for the 2011 and prior tax years, as well as an administrative expense claim for the 2012 ad valorem taxes. The Debtor shall pay the 2012 taxes timely pursuant to applicable non-bankruptcy law. It is not necessary that the City file an administrative expense claim or request for payment in order for these 2012 taxes to be deemed an allowed administrative expense. The administrative expense taxes are not discharged by entry of the confirmation order. The Debtor shall pay the City's pre-petition claims in equal monthly payments commencing

10

no later than the first day of the first month which is 30 days after entry of the

confirmation order. Such payments shall be calculated to result in payment in full of the

tax claims with all applicable and accrued interest no later than the fifth anniversary of

the petition date.  These payments shall include interest from the petition date through

the Effective Date and from the Effective Date through the date of payment in full at the

applicable state statutory rate of 1% per month pursuant to 11 U.S.C. §§ 506(b), 511, and

1129. The City shall retain its liens for pre- and post-petition taxes with the same

validity, extent and priority until all taxes and related interest, penalties, and fees (if any)

have been paid in full.  In the event of a default under the plan, the City shall send notice

of default to counsel for the Debtor/Reorganized Debtor via facsimile or electronic mail,

and the Debtor shall have 15 days from the date of such notice to cure said default. In the

event of failure to cure the default timely, the City shall be entitled to pursue collection

of all amounts owed pursuant to applicable nonbankruptcy law without further recourse

to the Bankruptcy Court. The City shall only be required to send two notices of default;

upon a third event of default, the City may proceed to collect all amounts owed pursuant

to applicable nonbankruptcy law without further notice. Failure to pay any post-petition

ad valorem taxes prior to their becoming delinquent under Tennessee law shall constitute

an event of default under the Plan.

      4.4     The Class 4 Claims of the Shelby County Trustee shall be paid by the

mortgage holder for each respective property from funds held in escrow for this purpose.

      The following properties are hereby surrendered as to the Shelby County Trustee

as lien holder, which may proceed with its state law remedies.

215 N. Merton
3360 Farmville
1149 National
2479 Dunlap
3067 Pershing
1438 Weymouth
2209 Durham Dr.
3708 Irma
2505 Hale
1616 Oberle
4167 Mt. Terrace
5980 Prairie Cove
4339 Waverly Farms
3048 Coleman

The lot identified as parcel number 0710480F002350 (0 Mountain Terrace) is hereby surrendered to the Shelby County Trustee as lienholder, which may exercise its state law remedies thereto.

a) Pre-petition taxes, and all statutory interest and penalty accruing thereon, if any, owed by Debtor to Shelby County for in connection with properties for which taxes are escrowed shall be in-full within 30 days of confirmation. Those properties and the responsible mortgagee are all of those numbered Classes described in Article 3 of the Plan with the exception of the following Classes: 31, 101, 130, 131 and 132.

b) Pre-petition taxes, and all statutory interest and penalty accruing thereon, owed by Debtor to Shelby County for in connection with properties for which taxes are not escrowed as of the Effective Date of the Plan, shall be paid in regular cash installments over a period ending not later than 60 months from the date the petition in this case was filed. Those properties are as follows:

4132 Mountain Terrace (Class 31)

3216-3218 Mountain Terrace (Class 101)

1131 National (Class 131)

3678 Fairoaks (Class 131)

4272 Hobson Cove (Class 132)

1525 Roosevelt (Class 133)

1137 National

c) All future assessed taxes must be paid in full by the delinquency date; Post-petition taxes, and all statutory interest and penalty accruing thereon, for tax year 2012 shall be paid-in-full by the later of the payment due date or within 30 days of confirmation.

d) If any payment described above is not made, as to the parcel(s) for which payment(s) are not made Shelby County shall be free to exercise its remedies under state law without seeking further relief from this court.

4.5        The Class 5 Claim of AHMSI (4037 Knob) shall be paid $18,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.6        The Class 6 Claim of AHMSI (2512 LaBonte) shall be paid $20,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is paid in full.    Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.7        The Class 7 Claim of AHMSI (4056 Mountain Terrace) shall be paid $21,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is paid in full. Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date. All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.8        The Class 8 Claim of AHMSI (4060 Mountain Terrace) shall not receive any payment under the Plan.  The underlying debt for this claim was solely an obligation of the Debtor's late wife.

4.9        The Class 9 Claim of AHMSI (4084 Mountain Terrace) shall not

receive any payment under the Plan.  The underlying debt for this claim was solely an

obligation of the Debtor's late wife.

4.10        The Class 10 Claim of AHMSI (5979 Prairie Cv) shall be paid

$31,500 as a secured claim.  This claim will be paid beginning on the Effective Date of

the Plan by amortizing this amount over 20 years with interest at the rate of 4.75%, with

monthly payments of principal and interest until the unpaid balance is paid in full.

Creditor shall retain its lien on the described real property, and the lien shall be valid and

fully enforceable to the same validity, extent and priority as existed on the Filing Date.

All non-monetary terms and conditions as set forth in the original Note and Deed of Trust

executed by and between the parties shall remain in full force and effect until the secured

claim is paid in full.  This Class is deemed to be impaired.

4.11        The Class 11 Claim of AHMSI (5957 Wagon Hill Rd E) shall be paid

$41,000 as a secured claim.  This claim will be paid beginning on the Effective Date of

the Plan by amortizing this amount over 20 years with interest at the rate of 5.25%, with

monthly payments of principal and interest until the unpaid balance is paid in full.

Creditor shall retain its lien on the described real property, and the lien shall be valid and

fully enforceable to the same validity, extent and priority as existed on the Filing Date.

All non-monetary terms and conditions as set forth in the original Note and Deed of Trust

executed by and between the parties shall remain in full force and effect until the secured

claim is paid in full.  This Class is deemed to be impaired.

4.12        The Class 12 Claim of AHMSI (5958 Wagon Hill Rd E) shall be paid

$36,000 as a secured claim.  This claim will be paid beginning on the Effective Date of

the Plan by amortizing this amount over 20 years with interest at the rate of 5.25%, with

monthly payments of principal and interest until the unpaid balance is paid in full.

Creditor shall retain its lien on the described real property, and the lien shall be valid and

fully enforceable to the same validity, extent and priority as existed on the Filing Date.

All non-monetary terms and conditions as set forth in the original Note and Deed of Trust

executed by and between the parties shall remain in full force and effect until the secured

claim is paid in full.  This Class is deemed to be impaired.

      4.13        The Class 13 Claim of AHMSI (5962 Wagon Hill Rd E) shall be paid

$42,000 as a secured claim.  This claim will be paid beginning on the Effective Date of

the Plan by amortizing this amount over 20 years with interest at the rate of 5.25%, with

monthly payments of principal and interest until the unpaid balance is paid in full.

Creditor shall retain its lien on the described real property, and the lien shall be valid and

fully enforceable to the same validity, extent and priority as existed on the Filing Date.

All non-monetary terms and conditions as set forth in the original Note and Deed of Trust

executed by and between the parties shall remain in full force and effect until the secured

claim is paid in full.  This Class is deemed to be impaired.

      4.14        The Class 14 Claim of AHMSI (5964 Wagon Hill Rd E) shall be paid

$41,000 as a secured claim.  This claim will be paid beginning on the Effective Date of

the Plan by amortizing this amount over 20 years with interest at the rate of 5.25%, with

monthly payments of principal and interest until the unpaid balance is paid in full.

Creditor shall retain its lien on the described real property, and the lien shall be valid and

fully enforceable to the same validity, extent and priority as existed on the Filing Date.

All non-monetary terms and conditions as set forth in the original Note and Deed of Trust

executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.15        The Class 15 Claim of AHMSI (5998 Wagon Hill Rd E) shall be paid $41,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is paid in full.  Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.16        The Class 16 Claim of America's Servicing Company (4135 Mountain Terrace) shall be paid $20,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.17          The Class 17 Claim of Bank of America (4049 Knob) shall be paid

$20,000 as a secured claim.  This claim will be paid beginning on the Effective Date of

the Plan by amortizing this amount over 20 years with interest at the rate of 5.5%, with

monthly payments of principal and interest until the unpaid balance is paid in full.

Creditor shall retain its lien on the described real property, and the lien shall be valid and

fully enforceable to the same validity, extent and priority as existed on the Filing Date.

All non-monetary terms and conditions as set forth in the original Note and Deed of Trust

executed by and between the parties shall remain in full force and effect until the secured

claim is paid in full.  This Class is deemed to be impaired.

4.18          The collateral securing the Class 18 Claim of  America's Servicing

Company (4436 Suncrest) shall be surrendered and abandoned pursuant to Section 554 of

the Bankruptcy Code.   This Class is deemed to be impaired.

4.19          The Class 19 Claim of America's Servicing Company (5944 Wagon

Hill Rd E) shall be $25,000 paid as a secured claim.  This claim will be paid beginning on

the Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 4%, with monthly payments of principal and interest until the unpaid balance is

paid in full.   Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.20          The Class 20 Claim of America's Servicing Company (5984 Wagon

Hill Rd E) shall be paid $33,500 as a secured claim.  This claim will be paid beginning on

the Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is

paid in full.   Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

      4.21          The Class 21 Claim of America's Servicing Company (5992 Wagon

Hill Rd E) shall be paid $25,000 as a secured claim.  This claim will be paid beginning on

the Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 4%, with monthly payments of principal and interest until the unpaid balance is

paid in full.   Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

      4.22          The Class 22 Claim of America's Servicing Company (4193 Wagon

Wheel Dr) shall be paid $20,000 as a secured claim.  This claim will be paid beginning

on the Effective Date of the Plan by amortizing this amount over 20 years with interest at

the rate of 4%, with monthly payments of principal and interest until the unpaid balance

is paid in full.   Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.23        The Class 23 Claim of America's Servicing Company (4233 Wagon Wheel Dr) shall be paid $20,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.24        The Class 24 Claim of America's Servicing Company (2498 Wellons) shall be paid $20,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.25        The Class 25 Claim of Aurora Loan Services (1762 Corning) shall be paid $19,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with

monthly payments of principal and interest until the unpaid balance is paid in full.

Creditor shall retain its lien on the described real property, and the lien shall be valid and

fully enforceable to the same validity, extent and priority as existed on the Filing Date.

All non-monetary terms and conditions as set forth in the original Note and Deed of Trust

executed by and between the parties shall remain in full force and effect until the secured

claim is paid in full.  This Class is deemed to be impaired.

      4.26      The Class 26 Claim of Aurora Loan Services (4146 Mountain Terrace)

shall be paid $21,900 as a secured claim.  This claim will be paid beginning on the

Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is

paid in full.   Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

      4.27      The Class 27 Claim of Aurora Loan Services (4155 Mountain Terrace)

shall be paid $22,000 as a secured claim.  This claim will be paid beginning on the

Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 4.75%, with monthly payments of principal and interest until the unpaid balance is

paid in full.   Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

      4.28          The Class 28 Claim of Aurora Loan Services (4156 Mountain Terrace)

shall be paid $22,000 as a secured claim.  This claim will be paid beginning on the

Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 4.75%, with monthly payments of principal and interest until the unpaid balance is

paid in full.   Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

      4.29          The Class 29 Claim of Aurora Loan Services (4175 Mountain Terrace)

shall be paid $20,000 as a secured claim.  This claim will be paid beginning on the

Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 4%, with monthly payments of principal and interest until the unpaid balance is

paid in full.   Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

      4.30          The Class 30 Claim of Aurora Loan Services (1855 Whitney Ave.)

shall be paid $25,200 as a secured claim.  This claim will be paid beginning on the

Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is

paid in full.   Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

     4.31         The Class 31 Claim of Banco Popular North America (4132 Mountain

Terrace) shall be paid $20,000 as a secured claim.  This claim will be paid beginning on

the Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 4%, with monthly payments of principal and interest until the unpaid balance is

paid in full.   Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

     4.32         The Class 32 Claim of Bancorp South Mortgage (885 Bingham) shall

be paid $7,000 as a secured claim.  This claim will be paid beginning on the Effective

Date of the Plan by amortizing this amount over 10 years with interest at the rate of

5.25%, with monthly payments of principal and interest until the unpaid balance is paid

in full.   Creditor shall retain its lien on the described real property, and the lien shall be

valid and fully enforceable to the same validity, extent and priority as existed on the

Filing Date.  All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.33        The Class 33 Claim of Bancorp South Mortgage (4551 Cedargreen Cv) shall be paid $36,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.34        The Class 34 Claim of Bancorp South Mortgage (4549 Cedar Leaf Cv) shall be paid $37,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.35        The Class 35 Claim of Bancorp South Mortgage (4550 Cedar Leaf Cv) shall be paid $37,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is

paid in full.    Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.36          The Class 36 Claim of Bancorp South Mortgage (4558 Cedar Leaf Cv)

shall be paid $34,000 as a secured claim.  This claim will be paid beginning on the

Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is

paid in full.    Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.37          The Class 37 Claim of Bancorp South Mortgage (3356 Farmville)

shall be paid $8,000 as a secured claim.  This claim will be paid beginning on the

Effective Date of the Plan by amortizing this amount over 10 years with interest at the

rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is

paid in full.    Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.38    The Class 38 Claim of Bancorp South Mortgage (3370 Farmville) shall be paid $5,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 10 years with interest at the rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.39    The Class 39 Claim of Bancorp South Mortgage (4070 Knob) shall be paid $18,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is paid in full. Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date. All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.40    The Class 40 Claim of Bancorp South Mortgage (4545 Longtree) shall be paid $32,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of

5.25%, with monthly payments of principal and interest until the unpaid balance is paid

in full.    Creditor shall retain its lien on the described real property, and the lien shall be

valid and fully enforceable to the same validity, extent and priority as existed on the

Filing Date.  All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.41         The Class 41 Claim of Bancorp South Mortgage (4549 Longtree) shall

be paid $37,000 as a secured claim.  This claim will be paid beginning on the Effective

Date of the Plan by amortizing this amount over 20 years with interest at the rate of

5.25%, with monthly payments of principal and interest until the unpaid balance is paid

in full.    Creditor shall retain its lien on the described real property, and the lien shall be

valid and fully enforceable to the same validity, extent and priority as existed on the

Filing Date.  All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.42         The Class 42 Claim of Bancorp South Mortgage (4555 Longtree) shall

be paid $37,000 as a secured claim.  This claim will be paid beginning on the Effective

Date of the Plan by amortizing this amount over 20 years with interest at the rate of

5.25%, with monthly payments of principal and interest until the unpaid balance is paid

in full.    Creditor shall retain its lien on the described real property, and the lien shall be

valid and fully enforceable to the same validity, extent and priority as existed on the

Filing Date.  All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.43       The Class 43 Claim of Bancorp South Mortgage (4561 Longtree) shall be paid $37,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.44       The Class 44 Claim of Bancorp South Mortgage (4567 Longtree) shall be paid $36,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.45          [Reserved]

4.46          The Class 46 Claim of Bancorp South Mortgage (1730 Marble) shall be paid $7,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 10 years with interest at the rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.47          The Class 47 Claim of Bancorp South Mortgage (214 Merton) shall be paid $40,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is paid in full.  Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.48            [Reserved]

4.49            The Class 49 Claim of Bancorp South Mortgage (3073 Pershing) shall be paid $7,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 10 years with interest at the rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.50            The collateral securing the Class 50 Claim of Bancorp South Bank (2529 Selman) shall be surrendered and abandoned pursuant to Section 554 of the Bankruptcy Code.  This class is deemed to be impaired.

4.51            The Class 51 Claim of Bancorp South Mortgage (3637 Townes) shall be paid $15,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 10 years with interest at the rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.52         The Class 52 Claim of Bank of America (4555 Cedar Leaf Cv) shall be paid $25,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full. Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date. All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.53         The Class 53 Claim of Bank of America (4556 Cedar Leaf Cv) shall be paid $34,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5.25%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.54         The collateral securing the Class 54 Claim of Bank of America (3314 Cicalla) shall be surrendered and the stay terminated to permit said creditor to foreclose and exercise its state law remedies as to that property.  This Class is deemed to be impaired.

4.55        The Class 55 Claim of Bank of America (3044 Coleman) shall be paid

$8,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the

Plan by amortizing this amount over 20 years with interest at the rate of 4%, with

monthly payments of principal and interest until the unpaid balance is paid in full.

Creditor shall retain its lien on the described real property, and the lien shall be valid and

fully enforceable to the same validity, extent and priority as existed on the Filing Date.

All non-monetary terms and conditions as set forth in the original Note and Deed of Trust

executed by and between the parties shall remain in full force and effect until the secured

claim is paid in full.  This Class is deemed to be impaired.

4.56        The Class 56 Claim of Bank of America (3446 Farmville) shall be paid

$15,000 as a secured claim.  This claim will be paid beginning on the Effective Date of

the Plan by amortizing this amount over 20 years with interest at the rate of 5.5%, with

monthly payments of principal and interest until the unpaid balance is paid in full.

Creditor shall retain its lien on the described real property, and the lien shall be valid and

fully enforceable to the same validity, extent and priority as existed on the Filing Date.

All non-monetary terms and conditions as set forth in the original Note and Deed of Trust

executed by and between the parties shall remain in full force and effect until the secured

claim is paid in full.  This Class is deemed to be impaired.

4.57         The Class 57 Claim of Bank of America (4069 Knob) shall be paid

$20,000 as a secured claim.  This claim will be paid beginning on the Effective Date of

the Plan by amortizing this amount over 20 years with interest at the rate of 5.5%, with

monthly payments of principal and interest until the unpaid balance is paid in full.

Creditor shall retain its lien on the described real property, and the lien shall be valid and

fully enforceable to the same validity, extent and priority as existed on the Filing Date.

All non-monetary terms and conditions as set forth in the original Note and Deed of Trust

executed by and between the parties shall remain in full force and effect until the secured

claim is paid in full.  This Class is deemed to be impaired.

4.58        The collateral securing the Class 58 Claim of Chase (1149 Merchant)

shall be surrendered and abandoned pursuant to Section 554 of the Bankruptcy Code.

This Class is deemed to be impaired.

4.59        The collateral securing the Class 59 Claim of Bank of America (1153

Merchant) shall be surrendered and abandoned pursuant to Section 554 of the Bankruptcy

Code.  This Class is deemed to be impaired.

4.60        The Class 60 Claim of Bank of America (2467 Yale) shall be paid

$20,000 as a secured claim.  This claim will be paid beginning on the Effective Date of

the Plan by amortizing this amount over 20 years with interest at the rate of 5.25%, with

monthly payments of principal and interest until the unpaid balance is paid in full.

Creditor shall retain its lien on the described real property, and the lien shall be valid and

fully enforceable to the same validity, extent and priority as existed on the Filing Date.

All non-monetary terms and conditions as set forth in the original Note and Deed of Trust

executed by and between the parties shall remain in full force and effect until the secured

claim is paid in full.  This Class is deemed to be impaired.

4.61        The Class 61 Claim of Central Loan Administration & Reporting

(4066 Mountain Terrace) shall be paid $22,000 as a secured claim.  This claim will be

paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years

with interest at the rate of 4.75%, with monthly payments of principal and interest until

the unpaid balance is paid in full.    Creditor shall retain its lien on the described real

property, and the lien shall be valid and fully enforceable to the same validity, extent and

priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth

in the original Note and Deed of Trust executed by and between the parties shall remain

in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.62          The Class 62 Claim of Central Loan Administration & Reporting (4072 Mountain Terrace) shall be paid $22,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4.75%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.63          The Class 63 Claim of Central Loan Administration & Reporting (4078 Mountain Terrace) shall be paid $22,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4.75%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.64          The Class 64 Claim of Central Loan Administration & Reporting
(4090 Mountain Terrace) shall be paid $22,000 as a secured claim.  This claim will be
paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years
with interest at the rate of 4.75%, with monthly payments of principal and interest until
the unpaid balance is paid in full.   Creditor shall retain its lien on the described real
property, and the lien shall be valid and fully enforceable to the same validity, extent and
priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth
in the original Note and Deed of Trust executed by and between the parties shall remain
in full force and effect until the secured claim is paid in full.  This Class is deemed to be
impaired.

4.65          The Class 65 Claim of Central Loan Administration & Reporting
(2514 Redvers) shall be paid $20,000 as a secured claim.  This claim will be paid
beginning on the Effective Date of the Plan by amortizing this amount over 20 years with
interest at the rate of 4%, with monthly payments of principal and interest until the
unpaid balance is paid in full.   Creditor shall retain its lien on the described real
property, and the lien shall be valid and fully enforceable to the same validity, extent and
priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth
in the original Note and Deed of Trust executed by and between the parties shall remain
in full force and effect until the secured claim is paid in full.  This Class is deemed to be
impaired.

4.66          The collateral securing the Class 66 Claim of Chase (424 Carpenter)
shall be surrendered and the automatic stay terminated to permit foreclosure of this
property.

4.67        The Class 67 Claim of Chase (4436 Cedar Bark Cv) shall be paid as a

fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy

Code to the extent of its allowed claim in the amount of $70,960.92.  This claim will be

paid based on a net present value of $41,500 with a 4% interest rate over 360 months at

the rate of $198.13 per month beginning on the Effective Date of the Plan.    Creditor

shall retain its lien on the described real property to the extent of the allowed amount of

its claim, and the lien shall be valid and fully enforceable to the same validity, extent and

priority as existed on the Filing Date.  In the event of prepayment of this claim, Creditor

shall receive a prepayment premium equal to the remainder obtained by subtracting from

the sum of $70,960.92 the total of all payments theretofore made by the Reorganized

Debtor, until such time as said remainder is no longer a positive number at which time

and thereafter this Claim may be prepaid in full or in part with no charge or premium.

All non-monetary terms and conditions as set forth in the original Note and Deed of Trust

executed by and between the parties shall remain in full force and effect until the secured

claim is paid in full.  This Class is deemed to be impaired.

4.68        The Class 68 Claim of Chase (4445 Cedar Bark Cv) shall be paid shall

be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the

Bankruptcy Code to the extent of its allowed claim in the amount of $74,821.64.  This

claim will be paid based on a net present value of $44,000 with a 4% interest rate over

360 months at the rate of $210.06 per month beginning on the Effective Date of the Plan.

Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $74,821.64 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

      4.69          The Class 69 Claim of Chase (4453 Cedar Bark Cv) shall be paid shall

be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the

Bankruptcy Code to the extent of its allowed claim in the amount of $72,144.42.  This

claim will be paid based on a net present value of $42,000 with a 4% interest rate over

360 months at the rate of $200.51 per month beginning on the Effective Date of the Plan.

Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $72,144.42 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.70        Class 70 (Chase, 635 Dunlap) has elected to be treated in accordance

with Section 1111(b)(2) of the Bankruptcy Code.  In the event that this Class does not

withdraw this election on or before the conclusion of the Confirmation Hearing, the

property securing its claim will be abandoned pursuant to Section 554 of the Bankruptcy

Code effective fourteen (14) days after entry of an Order Confirming the Plan.  In the

event this Class withdraws its Section 1111(b) election in writing before the conclusion

of the Confirmation Hearing, the claim of this Class shall be treated as follows: The Class

70 Claim of Chase (635 Dunlap) shall be paid $8,000 as a secured claim.  This claim will

be paid beginning on the Effective Date of the Plan by amortizing this amount over 20

years with interest at the rate of 4%, with monthly payments of principal and interest until

the unpaid balance is paid in full.    Creditor shall retain its lien on the described real

property, and the lien shall be valid and fully enforceable to the same validity, extent and

priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth

in the original Note and Deed of Trust executed by and between the parties shall remain

in full force and effect until the secured claim is paid in full.  This Class is deemed to be

impaired.

4.71        The Class 71 Claim of Chase (2414 Durham Dr) shall be paid shall be

paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the

Bankruptcy Code to the extent of its allowed claim in the amount of $47,942.67.  This

claim will be paid based on a net present value of $28,000 with a 4% interest rate over

360 months at the rate of $133.68 per month beginning on the Effective Date of the Plan.

Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this claim, Creditor shall receive a prepayment premium equal to the remainder obtained by subtracting from the sum of $47,942.67 the total of all payments theretofore made by the Reorganized Debtor, until such time as said remainder is no longer a positive number at which time and thereafter this Claim may be prepaid in full or in part with no charge or premium.    All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.72        The Class 72 Claim of Chase (2422 Durham Dr) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $51,405.83.  This claim will be paid based on a net present value of $30,000 with a 4% interest rate over 360 months at the rate of $143.22 per month beginning on the Effective Date of the Plan. Creditor shall retain its lien on the described real property to the extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  In the event of prepayment of this claim, Creditor shall receive a prepayment premium equal to the remainder obtained by subtracting from the sum of $51,405.83 the total of all payments theretofore made by the Reorganized Debtor, until such time as said remainder is no longer a positive number at which time and thereafter this Claim may be prepaid in full or in part with no charge or premium.    All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.73        Class 73 (Chase, 946 Faxon) has elected to be treated in accordance with Section 1111(b)(2) of the Bankruptcy Code.  In the event that this Class does not withdraw this election on or before the conclusion of the Confirmation Hearing, the property securing its claim will be abandoned pursuant to Section 554 of the Bankruptcy Code effective fourteen (14) days after entry of an Order Confirming the Plan.  In the event this Class withdraws its Section 1111(b) election in writing before the conclusion of the Confirmation Hearing, the claim of this Class shall be treated as follows: The Class 73 Claim of Chase (946 Faxon) shall be paid $8,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.    Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.74        Class 74 (Chase, 960 Faxon) has elected to be treated in accordance with Section 1111(b)(2) of the Bankruptcy Code.  In the event that this Class does not withdraw this election on or before the conclusion of the Confirmation Hearing, the property securing its claim will be abandoned pursuant to Section 554 of the Bankruptcy Code effective fourteen (14) days after entry of an Order Confirming the Plan.  In the event this Class withdraws its Section 1111(b) election in writing before the conclusion of the Confirmation Hearing, the claim of this Class shall be treated as follows:  The

Class 74 Claim of Chase (960 Faxon) shall be paid $8,000 as a secured claim.  This claim

will be paid beginning on the Effective Date of the Plan by amortizing this amount over

20 years with interest at the rate of 4%, with monthly payments of principal and interest

until the unpaid balance is paid in full.    Creditor shall retain its lien on the described real

property, and the lien shall be valid and fully enforceable to the same validity, extent and

priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth

in the original Note and Deed of Trust executed by and between the parties shall remain

in full force and effect until the secured claim is paid in full.  This Class is deemed to be

impaired.

     4.75        The Class 75 Claim of Chase (2583 Hawkins Mill) shall be paid shall

be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the

Bankruptcy Code to the extent of its allowed claim in the amount of $49,645.71.  This

claim will be paid based on a net present value of $29,000 with a 4% interest rate over

360 months at the rate of $138.45 per month beginning on the Effective Date of the Plan.

Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $49,645.71 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.76        The Class 76 Claim of Chase (2589 Hawkins Mill) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $47,915.49.  This claim will be paid based on a net present value of $28,000 with a 4% interest rate over 360 months at the rate of $133.68 per month beginning on the Effective Date of the Plan. Creditor shall retain its lien on the described real property to the extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  In the event of prepayment of this claim, Creditor shall receive a prepayment premium equal to the remainder obtained by subtracting from the sum of $47,915.49 the total of all payments theretofore made by the Reorganized Debtor, until such time as said remainder is no longer a positive number at which time and thereafter this Claim may be prepaid in full or in part with no charge or premium.    All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.77        The Class 77 Claim of Chase (2595 Hawkins Mill) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $49,952.83.  This claim will be paid based on a net present value of $29,500 with a 4% interest rate over 360 months at the rate of $140.84 per month beginning on the Effective Date of the Plan. Creditor shall retain its lien on the described real property to the extent of the allowed

43

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $49,952.83 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.78        The Class 78 Claim of Chase (2603 Hawkins Mill) shall be paid shall

be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the

Bankruptcy Code to the extent of its allowed claim in the amount of $41,917.72.  This

claim will be paid based on a net present value of $25,000 with a 4% interest rate over

360 months at the rate of $119.35 per month beginning on the Effective Date of the Plan.

Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $42,200.93 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.79      The Class 79 Claim of Chase (4007 Hofburg) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $40,656.00.  This claim will be paid based on a net present value of $24,000 with a 4% interest rate over 360 months at the rate of $114.58 per month beginning on the Effective Date of the Plan. Creditor shall retain its lien on the described real property to the extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  In the event of prepayment of this claim, Creditor shall receive a prepayment premium equal to the remainder obtained by subtracting from the sum of $40,656.00 the total of all payments theretofore made by the Reorganized Debtor, until such time as said remainder is no longer a positive number at which time and thereafter this Claim may be prepaid in full or in part with no charge or premium.    All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.80      The Class 80 Claim of Chase (4039 Hofburg) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $49,599.96.  This claim will be paid based on a net present value of $29,500 with a 4% interest rate over 360 months at the rate of $140.84 per month beginning on the Effective Date of the Plan. Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $49,599.96 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.     All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.81        The Class 81 Claim of Chase (4541 Janice) shall be paid shall be paid

as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the

Bankruptcy Code to the extent of its allowed claim in the amount of $48,900.89.  This

claim will be paid based on a net present value of $28,500 with a 4% interest rate over

360 months at the rate of $136.06 per month beginning on the Effective Date of the Plan.

Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $48,900.89 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.     All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.82        The Class 82 Claim of Chase (2453 Knob) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $49,599.96.  This claim will be paid based on a net present value of $29,000 with a 4% interest rate over 360 months at the rate of $138.45 per month beginning on the Effective Date of the Plan. Creditor shall retain its lien on the described real property to the extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  In the event of prepayment of this claim, Creditor shall receive a prepayment premium equal to the remainder obtained by subtracting from the sum of $49,599.96 the total of all payments theretofore made by the Reorganized Debtor, until such time as said remainder is no longer a positive number at which time and thereafter this Claim may be prepaid in full or in part with no charge or premium.     All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.83        The Class 83 Claim of Chase (4045 Knob) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $46,217.13.  This claim will be paid based on a net present value of $27,000 with a 4.5% interest rate over 360 months at the rate of $136.81 per month beginning on the Effective Date of the Plan. Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $46,127.13 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.84        The Class 84 Claim of Chase (4053 Knob) shall be paid shall be paid

as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the

Bankruptcy Code to the extent of its allowed claim in the amount of $40,854.36.  This

claim will be paid based on a net present value of $24,000 with a 4% interest rate over

360 months at the rate of $114.58 per month beginning on the Effective Date of the Plan.

Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $40,854.36 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full. This Class is deemed to be impaired.

4.85     The Class 85 Claim of Chase (4057 Knob) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $46,082.42. This claim will be paid based on a net present value of $27,000 with a 4% interest rate over 360 months at the rate of $128.90 per month beginning on the Effective Date of the Plan. Creditor shall retain its lien on the described real property to the extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date. In the event of prepayment of this claim, Creditor shall receive a prepayment premium equal to the remainder obtained by subtracting from the sum of $46,082.42 the total of all payments theretofore made by the Reorganized Debtor, until such time as said remainder is no longer a positive number at which time and thereafter this Claim may be prepaid in full or in part with no charge or premium.     All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full. This Class is deemed to be impaired.

4.86     The Class 86 Claim of Chase (4141 Leroy) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $34,583.70. This claim will be paid based on a net present value of $20,500 with a 4% interest rate over 360 months at the rate of $97.87 per month beginning on the Effective Date of the Plan. Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $34,583.70 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.87        The Class 87 Claim of Chase (4022 McWeeny) shall be paid shall be

paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the

Bankruptcy Code to the extent of its allowed claim in the amount of $47,942.67.  This

claim will be paid based on a net present value of $28.000 with a 4% interest rate over

360 months at the rate of $133.68 per month beginning on the Effective Date of the Plan.

Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $47,942.67 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.88         The Class 88 Claim of Chase (207 Merton) shall be paid shall be paid

as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the

Bankruptcy Code to the extent of its allowed claim in the amount of $14,179.94.  This

claim will be paid based on a net present value of $10,000 with a 4% interest rate over

240 months at the rate of $60.60 per month beginning on the Effective Date of the Plan.

Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $14,179.94 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.     All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.89         The Class 89 Claim of Chase (211 Merton) shall be paid shall be paid

as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the

Bankruptcy Code to the extent of its allowed claim in the amount of $13,992.83.  This

claim will be paid based on a net present value of $10,000 with a 4% interest rate over

360 months at the rate of $60.60 per month beginning on the Effective Date of the Plan.

Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $13,992.83 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.90        The Class 90 Claim of Chase (4134 Mountain Terrace) shall be paid

shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2)

of the Bankruptcy Code to the extent of its allowed claim in the amount of $52,143.55.

This claim will be paid based on a net present value of $30,500 with a 4% interest rate

over 360 months at the rate of $145.61 per month beginning on the Effective Date of the

Plan.    Creditor shall retain its lien on the described real property to the extent of the

allowed amount of its claim, and the lien shall be valid and fully enforceable to the same

validity, extent and priority as existed on the Filing Date.  In the event of prepayment of

this claim, Creditor shall receive a prepayment premium equal to the remainder obtained

by subtracting from the sum of $52,143.55 the total of all payments theretofore made by

the Reorganized Debtor, until such time as said remainder is no longer a positive number

at which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.91        The Class 91 Claim of Chase (4206 Mountain Terrace) shall be paid

shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2)

of the Bankruptcy Code to the extent of its allowed claim in the amount of $49,498.71.

This claim will be paid based on a net present value of $29,500 with a 4% interest rate

over 360 months at the rate of $140.84 per month beginning on the Effective Date of the

Plan.    Creditor shall retain its lien on the described real property to the extent of the

allowed amount of its claim, and the lien shall be valid and fully enforceable to the same

validity, extent and priority as existed on the Filing Date.  In the event of prepayment of

this claim, Creditor shall receive a prepayment premium equal to the remainder obtained

by subtracting from the sum of $49,498.71 the total of all payments theretofore made by

the Reorganized Debtor, until such time as said remainder is no longer a positive number

at which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.92        The collateral securing the Class 92 Claim of Chase (1172 Panama)

shall be surrendered and abandoned pursuant to Section 554 of the Bankruptcy Code.

This Class is deemed to be impaired.

4.93        The Class 93 Claim of Chase (2455 Rammesses) shall be paid shall be

paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the

Bankruptcy Code to the extent of its allowed claim in the amount of $49,102.18.  This

claim will be paid based on a net present value of $29,000 with a 4% interest rate over

360 months at the rate of $138.45 per month beginning on the Effective Date of the Plan.

Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $49,102.18 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.94        The Class 94 Claim of Chase (2461 Rammesses) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $49,467.82.  This claim will be paid based on a net present value of $29,000 with a 4% interest rate over 360 months at the rate of $138.45 per month beginning on the Effective Date of the Plan. Creditor shall retain its lien on the described real property to the extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  In the event of prepayment of this claim, Creditor shall receive a prepayment premium equal to the remainder obtained by subtracting from the sum of $49,467.82 the total of all payments theretofore made by the Reorganized Debtor, until such time as said remainder is no longer a positive number at which time and thereafter this Claim may be prepaid in full or in part with no charge or premium.   All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.95        The Class 95 Claim of Chase (2467 Rammesses) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $49,599.96.  This claim will be paid based on a net present value of $29,000 with a 4% interest rate over 360 months at the rate of $138.45 per month beginning on the Effective Date of the Plan. Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $49,599.96 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.96         The Class 96 Claim of Chase (4005 Rangeline) shall be paid shall be

paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the

Bankruptcy Code to the extent of its allowed claim in the amount of $50,306.80.  This

claim will be paid based on a net present value of $29,500 with a 4% interest rate over

360 months at the rate of $140.84 per month beginning on the Effective Date of the Plan.

Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $50,306.80 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.97        The Class 97 Claim of Chase (4011 Rangeline) shall be paid shall be

paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the

Bankruptcy Code to the extent of its allowed claim in the amount of $52,191.63. This

claim will be paid based on a net present value of $30,500 with a 4% interest rate over

360 months at the rate of $145.61 per month beginning on the Effective Date of the Plan.

Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date. In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $52,191.63 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full. This Class is deemed to be impaired.

4.98        The collateral securing the Class 98 Claim of Chase (1276 Saxon) shall be surrendered and abandoned pursuant to Section 554 of the Bankruptcy Code. This Class is deemed to be impaired.

4.99        The Class 99 Claim of Chase (5950 Wagon Hill Rd E) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $76,300.60. This claim will be paid based on a net present value of $44,500 with a 4% interest rate over 360 months at the rate of $212.45 per month beginning on the Effective Date of the Plan.   Creditor shall retain its lien on the described real property to the extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  In the event of prepayment of this claim, Creditor shall receive a prepayment premium equal to the remainder obtained by subtracting from the sum of $76,300.60 the total of all payments theretofore made by the Reorganized Debtor, until such time as said remainder is no longer a positive number at which time and thereafter this Claim may be prepaid in full or in part with no charge or premium.    All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.100       The Class 100 Claim of Chase (5954 Wagon Hill Rd E) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $77,906.97. This claim will be paid based on a net present value of $45,000 with a 4% interest rate over 360 months at the rate of $214.84 per month beginning on the Effective Date of the

Plan.   Creditor shall retain its lien on the described real property to the extent of the

allowed amount of its claim, and the lien shall be valid and fully enforceable to the same

validity, extent and priority as existed on the Filing Date.  In the event of prepayment of

this claim, Creditor shall receive a prepayment premium equal to the remainder obtained

by subtracting from the sum of $77,906.97 the total of all payments theretofore made by

the Reorganized Debtor, until such time as said remainder is no longer a positive number

at which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.     All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.101      The Class 101 Claim of Ashley or Mason Bailey (3216-3218

Mountain Terrace) shall be paid according to the original terms as a secured claim with

monthly payments of principal and interest until the unpaid balance is paid in full.

Creditor shall retain its lien on the described real property, and the lien shall be valid and

fully enforceable to the same validity, extent and priority as existed on the Filing Date.

All terms and conditions as set forth in the original Note and Deed of Trust executed by

and between the parties shall remain in full force and effect until the secured claim is paid

in full.  This Class is deemed to be unimpaired.

4.102      The Class 102 Claim of Chase (5982 Wagon Hill Rd E) shall be paid

shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2)

of the Bankruptcy Code to the extent of its allowed claim in the amount of $76,300.60.

This claim will be paid based on a net present value of $44,500 with a 4% interest rate

over 360 months at the rate of $212.45 per month beginning on the Effective Date of the

Plan.   Creditor shall retain its lien on the described real property to the extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  In the event of prepayment of this claim, Creditor shall receive a prepayment premium equal to the remainder obtained by subtracting from the sum of $76,300.60 the total of all payments theretofore made by the Reorganized Debtor, until such time as said remainder is no longer a positive number at which time and thereafter this Claim may be prepaid in full or in part with no charge or premium.   All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.103         The Class 103 Claim of Chase (5986 Wagon Hill Rd E) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $79,158.58. This claim will be paid based on a net present value of $46,500 with a 4% interest rate over 360 months at the rate of $222.00 per month beginning on the Effective Date of the Plan.   Creditor shall retain its lien on the described real property to the extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  In the event of prepayment of this claim, Creditor shall receive a prepayment premium equal to the remainder obtained by subtracting from the sum of $79,158.58 the total of all payments theretofore made by the Reorganized Debtor, until such time as said remainder is no longer a positive number at which time and thereafter this Claim may be prepaid in full or in part with no charge or premium.   All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

    4.104            The Class 104 Claim of Chase (4084 Wagon Wheel Dr) shall be paid

shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2)

of the Bankruptcy Code to the extent of its allowed claim in the amount of $49,599.96.

This claim will be paid based on a net present value of $29,000 with a 4% interest rate

over 360 months at the rate of $138.45 per month beginning on the Effective Date of the

Plan.    Creditor shall retain its lien on the described real property to the extent of the

allowed amount of its claim, and the lien shall be valid and fully enforceable to the same

validity, extent and priority as existed on the Filing Date.  In the event of prepayment of

this claim, Creditor shall receive a prepayment premium equal to the remainder obtained

by subtracting from the sum of $49,599.96 the total of all payments theretofore made by

the Reorganized Debtor, until such time as said remainder is no longer a positive number

at which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.    All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

    4.105            The Class 105 Claim of Chase (4228 Wagon Wheel Dr) shall be paid

shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2)

of the Bankruptcy Code to the extent of its allowed claim in the amount of $51,452.58.

This claim will be paid based on a net present value of $30,000 with a 4% interest rate

over 360 months at the rate of $143.22 per month beginning on the Effective Date of the

Plan.    Creditor shall retain its lien on the described real property to the extent of the

allowed amount of its claim, and the lien shall be valid and fully enforceable to the same

validity, extent and priority as existed on the Filing Date.  In the event of prepayment of

this claim, Creditor shall receive a prepayment premium equal to the remainder obtained

by subtracting from the sum of $51,452.58 the total of all payments theretofore made by

the Reorganized Debtor, until such time as said remainder is no longer a positive number

at which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.     All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.106        The Class 106 Claim of Chase (242 Williford) shall be paid shall be

paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the

Bankruptcy Code to the extent of its allowed claim in the amount of $12,355.72.  This

claim will be paid based on a net present value of $12,000 with a 4% interest rate over

240 months at the rate of $72.72 per month beginning on the Effective Date of the Plan.

Creditor shall retain its lien on the described real property to the extent of the allowed

amount of its claim, and the lien shall be valid and fully enforceable to the same validity,

extent and priority as existed on the Filing Date.  In the event of prepayment of this

claim, Creditor shall receive a prepayment premium equal to the remainder obtained by

subtracting from the sum of $12,355.72 the total of all payments theretofore made by the

Reorganized Debtor, until such time as said remainder is no longer a positive number at

which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.     All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.107        The Class 107 Claim of EMC Mortgage (4141 Mountain Terrace) shall be paid $20,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.108        The Class 108 Claim of EMC Mortgage (4166 Mountain Terrace) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $53,418.89.  This claim will be paid based on a net present value of $31,000 with a 4% interest rate over 360 months at the rate of $148.00 per month beginning on the Effective Date of the Plan.   Creditor shall retain its lien on the described real property to the extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date. In the event of prepayment of this claim, Creditor shall receive a prepayment premium equal to the remainder obtained by subtracting from the sum of $53,418.89 the total of all payments theretofore made by the Reorganized Debtor, until such time as said remainder is no longer a positive number at which time and thereafter this Claim may be prepaid in

64

full or in part with no charge or premium.    All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.109        The Class 109 Claim of EMC Mortgage (4183 Mountain Terrace) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $53,618.58.  This claim will be paid based on a net present value of $31,500 with a 4% interest rate over 360 months at the rate of $150.39 per month beginning on the Effective Date of the Plan.    Creditor shall retain its lien on the described real property to the extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date. In the event of prepayment of this claim, Creditor shall receive a prepayment premium equal to the remainder obtained by subtracting from the sum of $53,618.58 the total of all payments theretofore made by the Reorganized Debtor, until such time as said remainder is no longer a positive number at which time and thereafter this Claim may be prepaid in full or in part with no charge or premium.    All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.110        The Class 110 Claim of EMC Mortgage (4191 Mountain Terrace) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the

amount of $51,938.84.  This claim will be paid based on a net present value of $30,500

with a 4% interest rate over 360 months at the rate of $145.61 per month beginning on

the Effective Date of the Plan.    Creditor shall retain its lien on the described real

property to the extent of the allowed amount of its claim, and the lien shall be valid and

fully enforceable to the same validity, extent and priority as existed on the Filing Date.

In the event of prepayment of this claim, Creditor shall receive a prepayment premium

equal to the remainder obtained by subtracting from the sum of $51,938.84 the total of all

payments theretofore made by the Reorganized Debtor, until such time as said remainder

is no longer a positive number at which time and thereafter this Claim may be prepaid in

full or in part with no charge or premium.    All non-monetary terms and conditions as

set forth in the original Note and Deed of Trust executed by and between the parties shall

remain in full force and effect until the secured claim is paid in full.  This Class is

deemed to be impaired.

     4.111          The Class 111 Claim of EMC Mortgage (4209 Mountain Terrace)

shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2)

of the Bankruptcy Code to the extent of its allowed claim in the amount of $52,922.80.

This claim will be paid based on a net present value of $31,000 with a 4% interest rate

over 360 months at the rate of $148.00 per month beginning on the Effective Date of the

Plan.    Creditor shall retain its lien on the described real property to the extent of the

allowed amount of its claim, and the lien shall be valid and fully enforceable to the same

validity, extent and priority as existed on the Filing Date.  In the event of prepayment of

this claim, Creditor shall receive a prepayment premium equal to the remainder obtained

by subtracting from the sum of $52,922.80 the total of all payments theretofore made by

the Reorganized Debtor, until such time as said remainder is no longer a positive number

at which time and thereafter this Claim may be prepaid in full or in part with no charge or

premium.     All non-monetary terms and conditions as set forth in the original Note and

Deed of Trust executed by and between the parties shall remain in full force and effect

until the secured claim is paid in full.  This Class is deemed to be impaired.

4.112         The Class 112 Claim of EMC Mortgage (5948 Wagon Hill Rd E) shall

be paid shall be paid as a fully secured creditor pursuant to its election under Section

1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of

$73,652.76.  This claim will be paid based on a net present value of $43,000 with a 4%

interest rate over 360 months at the rate of $205.29 per month beginning on the Effective

Date of the Plan.     Creditor shall retain its lien on the described real property to the

extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable

to the same validity, extent and priority as existed on the Filing Date.  In the event of

prepayment of this claim, Creditor shall receive a prepayment premium equal to the

remainder obtained by subtracting from the sum of $73,652.76 the total of all payments

theretofore made by the Reorganized Debtor, until such time as said remainder is no

longer a positive number at which time and thereafter this Claim may be prepaid in full or

in part with no charge or premium.     All non-monetary terms and conditions as set forth

in the original Note and Deed of Trust executed by and between the parties shall remain

in full force and effect until the secured claim is paid in full.  This Class is deemed to be

impaired.

4.113        The Class 113 Claim of EMC Mortgage (5990 Wagon Hill Rd E) shall

be paid shall be paid as a fully secured creditor pursuant to its election under Section

1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of

$73,652.76.  This claim will be paid based on a net present value of $43,000 with a 4%

interest rate over 360 months at the rate of $205.29 per month beginning on the Effective

Date of the Plan.    Creditor shall retain its lien on the described real property to the

extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable

to the same validity, extent and priority as existed on the Filing Date.  In the event of

prepayment of this claim, Creditor shall receive a prepayment premium equal to the

remainder obtained by subtracting from the sum of $73,652.76 the total of all payments

theretofore made by the Reorganized Debtor, until such time as said remainder is no

longer a positive number at which time and thereafter this Claim may be prepaid in full or

in part with no charge or premium.     All non-monetary terms and conditions as set forth

in the original Note and Deed of Trust executed by and between the parties shall remain

in full force and effect until the secured claim is paid in full.  This Class is deemed to be

impaired.

4.114        The Class 114 Claim of EMC Mortgage (5994 Wagon Hill Rd E) shall

be paid shall be paid as a fully secured creditor pursuant to its election under Section

1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of

$73,747.58.  This claim will be paid based on a net present value of $43,000 with a 4%

interest rate over 360 months at the rate of $205.29 per month beginning on the Effective

Date of the Plan.    Creditor shall retain its lien on the described real property to the

extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable

to the same validity, extent and priority as existed on the Filing Date.  In the event of prepayment of this claim, Creditor shall receive a prepayment premium equal to the remainder obtained by subtracting from the sum of $73,747.58 the total of all payments theretofore made by the Reorganized Debtor, until such time as said remainder is no longer a positive number at which time and thereafter this Claim may be prepaid in full or in part with no charge or premium.     All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.115        The Class 115 Claim of EMC Mortgage (4205 Wagon Wheel Dr) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $51,316.26.  This claim will be paid based on a net present value of $30,000 with a 4% interest rate over 360 months at the rate of $143.22 per month beginning on the Effective Date of the Plan.    Creditor shall retain its lien on the described real property to the extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  In the event of prepayment of this claim, Creditor shall receive a prepayment premium equal to the remainder obtained by subtracting from the sum of $51,316.26 the total of all payments theretofore made by the Reorganized Debtor, until such time as said remainder is no longer a positive number at which time and thereafter this Claim may be prepaid in full or in part with no charge or premium.     All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain

in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

    4.116      The Class 116 Claim of EMC Mortgage (4237 Wagon Wheel Dr) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $51,870.62.  This claim will be paid based on a net present value of $30,500 with a 4% interest rate over 360 months at the rate of $145.61 per month beginning on the Effective Date of the Plan.   Creditor shall retain its lien on the described real property to the extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  In the event of prepayment of this claim, Creditor shall receive a prepayment premium equal to the remainder obtained by subtracting from the sum of $51,870.62 the total of all payments theretofore made by the Reorganized Debtor, until such time as said remainder is no longer a positive number at which time and thereafter this Claim may be prepaid in full or in part with no charge or premium.    All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

    4.117      The Class 117 Claim of EMC Mortgage (2492 Wellons) shall be paid shall be paid as a fully secured creditor pursuant to its election under Section 1111(b)(2) of the Bankruptcy Code to the extent of its allowed claim in the amount of $51,316.26.  This claim will be paid based on a net present value of $30,000 with a 4% interest rate over 360 months at the rate of $143.22 per month beginning on the Effective Date of the

Plan.   Creditor shall retain its lien on the described real property to the extent of the allowed amount of its claim, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  In the event of prepayment of this claim, Creditor shall receive a prepayment premium equal to the remainder obtained by subtracting from the sum of $51,316.26 the total of all payments theretofore made by the Reorganized Debtor, until such time as said remainder is no longer a positive number at which time and thereafter this Claim may be prepaid in full or in part with no charge or premium.    All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.118        The Class 118 Claim of GMAC Mortgage (4207 Beacon Hills Rd) shall be paid $25,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5%, with monthly payments of principal and interest until the unpaid balance is paid in full.    Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.119        The Class 119 Claim of GMAC Mortgage (3569 Marion Ave) shall be paid $9,000 as a secured claim.  This claim will be paid in full on or before the Effective Date of the Plan.  This Class is deemed to be impaired.

4.120          The Class 120 Claim of GMAC Mortgage (1152 Merchant) shall be paid $9,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 10 years with interest at the rate of 5%, with monthly payments of principal and interest until the unpaid balance is paid in full. Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date. All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.121          The Class 121 Claim of GMAC Mortgage (5940 Wagon Hill Rd E) shall be paid $38,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5%, with monthly payments of principal and interest until the unpaid balance is paid in full.    Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.122          The Class 122 Claim of GMAC Mortgage (5941 Wagon Hill Rd E) shall be paid $38,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5%, with monthly payments of principal and interest until the unpaid balance is paid in full.    Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.123    The Class 123 Claim of GMAC Mortgage (5945 Wagon Hill Rd E) shall be paid $40,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.124    The Class 124 Claim of GMAC Mortgage (5947 Wagon Hill Rd E) shall be paid $38,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.125        The Class 125 Claim of GMAC Mortgage (5978 Wagon Hill Rd E)

shall be paid $38,000 as a secured claim.  This claim will be paid beginning on the

Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 5%, with monthly payments of principal and interest until the unpaid balance is

paid in full.    Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.126        The Class 126 Claim of GMAC Mortgage (5980 Wagon Hill Rd E)

shall be paid $38,000 as a secured claim.  This claim will be paid beginning on the

Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 5%, with monthly payments of principal and interest until the unpaid balance is

paid in full.    Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.127        The Class 127 Claim of GMAC Mortgage (5987 Wagon Hill Rd E)

shall be paid $38,000 as a secured claim.  This claim will be paid beginning on the

Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 5%, with monthly payments of principal and interest until the unpaid balance is

paid in full.    Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.128        The Class 128 Claim of GMAC Mortgage (5993 Wagon Hill Rd E) shall be paid $38,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.129        The collateral securing the Class 129 Claim of Independent Bank (5980 Prairie Cv and 4339 Waverly Farms) shall be surrendered in exchange for a release of personal liability on the debt pursuant to an Agreed Order with this creditor.  This Class is deemed to be unimpaired.

4.130        The collateral securing the Class 130 Claim of Independent Bank (2479 Dana Cove, 2209 Durham, 3360 Farmville, 2505 Hale, 3708 Irma, 215 Merton, 4167 Mountain Terrace, 1149 National, 1616 Oberle, 3067 Pershing, 1438 Weymouth) shall be surrendered in exchange for a release of personal liability on the debt pursuant to an Agreed Order with this creditor.  This Class is deemed to be unimpaired.

4.131        The collateral securing the Class 131 Claim of InSouth Bank (3678 Fairoaks and 1131 National) shall be surrendered pursuant to an Agreed Order with this creditor.  This Class is deemed to be impaired.

4.132        The collateral securing the Class 132 Claim of InSouth Bank (4272 Hobson Cv) shall be surrendered pursuant to an Agreed Order with this creditor.  This Class is deemed to be impaired.

4.133        The collateral securing the Class 133 Claim of InSouth Bank (1525 Roosevelt) shall be surrendered pursuant to an Agreed Order with this creditor.  This Class is deemed to be impaired.

4.134        The Class 134 Claim of Litton Loan Servicing LP (4212 Beacon Hills Rd) shall be paid $20,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.    Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.135        The Class 135 Claim of Litton Loan Servicing LP (4430 Cedar Bark Cv S) shall be paid $20,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.    Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.136        The Class 136 Claim of Litton Loan Servicing LP (4433 Cedar Bark Cv S) shall be paid $25,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.    Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.137        The Class 137 Claim of Litton Loan Servicing LP (4439 Cedar Bark Cv S) shall be paid $25,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.    Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.138       The Class 138 Claim of Litton Loan Servicing LP (4442 Cedar Bark
Cv S) shall be paid $25,000 as a secured claim.  This claim will be paid beginning on the
Effective Date of the Plan by amortizing this amount over 20 years with interest at the
rate of 4%, with monthly payments of principal and interest until the unpaid balance is
paid in full.    Creditor shall retain its lien on the described real property, and the lien
shall be valid and fully enforceable to the same validity, extent and priority as existed on
the Filing Date.  All non-monetary terms and conditions as set forth in the original Note
and Deed of Trust executed by and between the parties shall remain in full force and
effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.139       The Class 139 Claim of Litton Loan Servicing LP (4448 Cedar Bark
Cv S) shall be paid $25,000 as a secured claim.  This claim will be paid beginning on the
Effective Date of the Plan by amortizing this amount over 20 years with interest at the
rate of 4%, with monthly payments of principal and interest until the unpaid balance is
paid in full.    Creditor shall retain its lien on the described real property, and the lien
shall be valid and fully enforceable to the same validity, extent and priority as existed on
the Filing Date.  All non-monetary terms and conditions as set forth in the original Note
and Deed of Trust executed by and between the parties shall remain in full force and
effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.140       The Class 140 Claim of Litton Loan Servicing LP (4452 Cedar Bark
Cv S) shall be paid $25,000 as a secured claim.  This claim will be paid beginning on the
Effective Date of the Plan by amortizing this amount over 20 years with interest at the
rate of 4%, with monthly payments of principal and interest until the unpaid balance is
paid in full.    Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.141    The Class 141 Claim of Litton Loan Servicing LP (4474 Cedar Bark Cv S) shall be paid $25,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.    Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.142    The Class 142 Claim of Litton Loan Servicing LP (4588 Longtree) shall be paid $25,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.    Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.143        The Class 143 Claim of Litton Loan Servicing LP (4589 Longtree)

shall be paid $25,000 as a secured claim.  This claim will be paid beginning on the

Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 4%, with monthly payments of principal and interest until the unpaid balance is

paid in full.    Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.144        The Class 144 Claim of Litton Loan Servicing LP (4234 Wagon

Wheel Dr) shall be paid $20,000 as a secured claim.  This claim will be paid beginning

on the Effective Date of the Plan by amortizing this amount over 20 years with interest at

the rate of 4%, with monthly payments of principal and interest until the unpaid balance

is paid in full.    Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.145        The Class 145 Claim of Litton Loan Servicing LP (2448 Wellons)

shall be paid $20,000 as a secured claim.  This claim will be paid beginning on the

Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 4%, with monthly payments of principal and interest until the unpaid balance is

paid in full.    Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.146        The Class 146 Claim of Litton Loan Servicing LP (2456 Wellons) shall be paid $20,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.    Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.147        The Class 147 Claim of Litton Loan Servicing LP (2462 Wellons) shall be paid $20,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.    Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.148         The Class 148 Claim of Michelle Pettigrew (2391 Hillside) shall be

paid $19,000 as a secured claim.  This claim will be paid beginning on the Effective Date

of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with

monthly payments of principal and interest until the unpaid balance is paid in full.

Creditor shall retain its lien on the described real property, and the lien shall be valid and

fully enforceable to the same validity, extent and priority as existed on the Filing Date.

All non-monetary terms and conditions as set forth in the original Note and Deed of Trust

executed by and between the parties shall remain in full force and effect until the secured

claim is paid in full.  This Class is deemed to be impaired.

4.149         The Class 149 Claim of Specialized Loan Servicing, LLC (4147

Mountain Terrace) shall be paid $20,000 as a secured claim.  This claim will be paid

beginning on the Effective Date of the Plan by amortizing this amount over 20 years with

interest at the rate of 4%, with monthly payments of principal and interest until the

unpaid balance is paid in full.   Creditor shall retain its lien on the described real

property, and the lien shall be valid and fully enforceable to the same validity, extent and

priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth

in the original Note and Deed of Trust executed by and between the parties shall remain

in full force and effect until the secured claim is paid in full.  This Class is deemed to be

impaired.

4.150         The Class 150 Claim of Urban Trust Bank (1154 Merchant – Duplex-

A2) shall be paid $7,000 as a secured claim.  This claim will be paid beginning on the

Effective Date of the Plan by amortizing this amount over 10 years with interest at the

rate of 4.75%, with monthly payments of principal and interest until the unpaid balance is

paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.151       The Class 151 Claim of Wells Fargo Home Mortgage (4041 Knob) shall be paid $25,200 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.152       The Class 152 Claim of Wells Fargo Home Mortgage (4061 Knob) shall be paid $20,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 5%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.153        The Class 153 Claim of Wells Fargo Home Mortgage (4065 Knob) shall be paid $20,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.154        The Class 154 Claim of Wells Fargo Home Mortgage (4073 Knob) shall be paid $20,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien shall be valid and fully enforceable to the same validity, extent and priority as existed on the Filing Date.  All non-monetary terms and conditions as set forth in the original Note and Deed of Trust executed by and between the parties shall remain in full force and effect until the secured claim is paid in full.  This Class is deemed to be impaired.

4.155        The Class 155 Claim of Wells Fargo Home Mortgage (4077 Knob) shall be paid $20,000 as a secured claim.  This claim will be paid beginning on the Effective Date of the Plan by amortizing this amount over 20 years with interest at the rate of 4%, with monthly payments of principal and interest until the unpaid balance is paid in full.   Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

    4.156          The Class 156 Claim of Wells Fargo Home Mortgage (4081 Knob)

shall be paid $20,000 as a secured claim.  This claim will be paid beginning on the

Effective Date of the Plan by amortizing this amount over 20 years with interest at the

rate of 4%, with monthly payments of principal and interest until the unpaid balance is

paid in full.   Creditor shall retain its lien on the described real property, and the lien

shall be valid and fully enforceable to the same validity, extent and priority as existed on

the Filing Date.  All non-monetary terms and conditions as set forth in the original Note

and Deed of Trust executed by and between the parties shall remain in full force and

effect until the secured claim is paid in full.  This Class is deemed to be impaired.

    4.157  Each Class 157 claimant shall be paid a pro rata share of $320,000, each

share not to exceed the allowed amount of the claim, no later than sixty (60) months after

the Effective Date of the Plan.  This Class is deemed to be impaired.

    4.158  Fees owed to the United States Trustee shall be paid on or before the

Effective Date of the Plan.

    4.159  Debtor, as the proponents of the Plan, hereby request pursuant to §

1129(b) of the Code that the Court find that the provisions of the Plan provide for fair and

equitable treatment of those creditors whose claims are impaired by the Plan and who

may elect not the accept the Plan, and that the Court confirm the Plan notwithstanding the

requirements of §1129(a)(8) of the Code as to such creditors.

ARTICLE 5.

EXECUTION AND EFFECT OF THE PLAN

5.1      The Debtor will make payments under the Plan with funds generated from

rents and the operation of his businesses.

5.2      Claimants shall provide Debtor's counsel with any change of address;

otherwise, the Debtor-in-possession shall be entitled to rely upon a Claimant's last

address as reflected in the records of the Debtor and the Bankruptcy Court Clerk.

Unclaimed funds shall be treated in accordance with section 347(a) of the Bankruptcy

Code.

5.3      The Debtor will retain all property of the Estate, except property that is to

be otherwise disposed of as provided in the Plan and executory contracts that are rejected

pursuant to the Plan.

5.4      On the Effective Date, all property of the Estate shall revest in the Debtor

free and clear of all claims, liens, encumbrances, and other interests of Creditors or

Interest Holders, except as otherwise set forth in the Plan, the Confirmation Order or

other Order.

5.5      After confirmation of the Plan, Debtor shall apply to the Court for a

Discharge pursuant to § 1141 of the Code, which shall provide that all persons or entities

who have held, currently hold, or may hold a debt or claim discharged pursuant to the

Plan will be permanently enjoined from taking any of the following actions on account

of any such discharged debt or claim: (1) commencing or continuing in any manner any

action or other proceeding against the Debtor or his property; (2) enforcing, attaching,

collecting, or recovering in any manner any judgment, award, decree, or order against

Debtor or his property; (3) creating, perfecting, or enforcing any lien or encumbrance

against Debtor or his property; (4) asserting any setoff, right of subrogation or

recoupment of any kind against any obligation due to Debtor or his property; (5)

commencing or continuing any action, in any manner, in any place that does not comply

with or is inconsistent with the provisions of the Plan or the Confirmation Order.

5.7     No attorney fees or other fees of "professionals," as that term is defined in

§327 of the Code, default interest, late penalties or any similar charge claimed by a

creditor shall be compensable by Debtor, nor shall the same constitute part of an allowed

claim, until the creditor seeking to recover said fees penalties or charges has had them

approved by the Bankruptcy Court, except as otherwise stated in the Plan.  All

applications for approval of said fees, penalties or charges must be filed within thirty

(30) days after the effective date of the Plan.

5.8     Notwithstanding any other provisions of the Plan, no payments or

distributions shall be made on account of any Disputed Claim until such Claim becomes

an allowed claim, and then only to the extent of the Allowed Amount of such claim.

ARTICLE 6.

EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1     Rejection.  Upon entry of the Confirmation Order, the Debtor shall be

deemed to have rejected all unexpired leases and executory contracts in which he is a

lessee entered into prior to the Petition Date unless specifically assumed in this Plan or

pursuant to Bankruptcy Court Order.

6.2     Rejection Claims.  All Claims arising from the rejection of unexpired

leases or other executory contracts that have not previously been rejected by prior Order

of the Court shall be filed not later than thirty (30) days after the entry of the

Confirmation Order.  All such Claims, to the extent allowed, shall be treated as Class 4

claims.

6.3     Any and all leases in which the Debtor is the lessor shall be assumed

under the Plan.

## ARTICLE 7.

## MODIFICATION OF PLAN

7.1     Modifications to this Plan may be proposed in writing by the Debtor at

any time before of after Confirmation, provided that this Plan, as modified, meets the

requirements of Section 1129 of the Bankruptcy Code.

## ARTICLE 8.

## RETENTION OF JURISDICTION

8.1     The Bankruptcy Court shall retain exclusive jurisdiction over the Debtor's

Chapter 11 after the Confirmation Date for the purpose of determining all disputes and

other issues presented by or arising under this Plan, including, without limitation,

exclusive jurisdiction to:

8.1.1    determine any and all objections to the allowances of Claims or

Equity Interests;

8.1.2    determine any and all disputes arising under or relating to the Plan;

8.1.3   determine any and all applications for allowance of compensation

and reimbursement of expenses arising out of or relating to the case or any claims;

8.1.4   determine any applications, adversary proceedings, and contested

matters arising in the Chapter 11 case;

8.1.5   enter an Order granting a Discharge.

ARTICLE 9.

NOTICES

9.1      All communications and notices relative to this Plan shall be in writing,

and may be delivered by hand, facsimile, or by nationally recognized overnight courier

service and shall be deemed to have been given on business day after being so

transmitted.  If mailed by first class mail, postage paid, all such communications and

notices shall be deemed given five days after so mailed.  If to the Debtor, to:

Russell W. Savory
Gotten, Wilson, Savory & Beard, PLLC
88 Union Avenue, 14th Floor
Memphis, TN  38103


Respectfully submitted,

GOTTEN, WILSON, SAVORY & BEARD, PLLC

/s/ Russell W. Savory

Russell W. Savory (12786)
Attorney for Arnold R. Dormer, Jr.
88 Union Avenue, 14th Floor
Memphis, TN   38103
901-523-1110
901-523-1139 (Fax)

CERTIFICATE OF SERVICE

I, Russell W. Savory, do hereby certify that a true and genuine copy of the foregoing Second Amended Plan has been served on the following parties by electronic notice this 30th Day of July, 2012:

Jeremiah McGuire, Esq.
555 Perkins Road Extended, Second Floor
Memphis, TN  38117

Joel Giddens
Attorney at Law
5050 Poplar Avenue, Suite 115
Memphis, TN 38157

Robert J. Wilkinson
3525 Piedmont Road, NE, Suite 700
Atlanta, GA   30305

Laura A. Grifka
1587 Northeast Expressway
Atlanta, GA   30329

Elizabeth Weller
2323 Bryan Street, Suite 1600
Dallas, TX   75201

Elijah Noel
One Commerce Square, Suite 2700
Memphis, TN   38103

Valerie Ann Spicer
243 Adams Avenue
Memphis, TN   38103


United States Trustee


/s/ Russell W. Savory

_____

Russell W. Savory