**Dated: August 13, 2012**
**The following is SO ORDERED:**

_____
Paulette J. Delk
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| ARNOLD R. DORMER, JR. | ) | CASE NO. 11-27934 |
| | ) | |
| | ) | JUDGE PAULETTE J. DELK |
| Debtor. | ) | |

### CONSENT ORDER

NOW COMES the Debtor, Arnold R. Dormer, Jr. and secured creditor, The Bank of New York Mellon, as Trustee for TBW Mortgage-Backed Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1, by and through its servicer, Homeward Residential, Inc. fka American Home Mortgage Servicing, Inc., its successors and/or assigns ("Creditor"); and, it appearing that the Creditor and Debtor have agreed and consented to the following treatment for Creditor in Debtor's Chapter 11 Plan, as follows:

1.　　Creditor is an entity entitled to enforce the Note, secured by a Deed of Trust on the real property commonly known as *4056 Mountain Terrace Street, Memphis Tennessee 38127* (the 'Property'). At the time of the filing of the Chapter 11 case by the Debtor, Creditor was owed approximately $59,937.33.

2.　　The claim of the Creditor shall be bifurcated, with $22,000.00 treated as an allowed, secured claim *(4.7 – Class 7)*. The remainder of the claim shall be deemed undersecured and treated as an allowed unsecured claim *(4.157 – Class 157)*.

3.　　The allowed secured claim of $22,000.00, shall be amortized over 240 months (20) years,

J&F#1103579TN

at a fixed rate of 4.75%, with a principal and interest payment of $142.17. The maturity date of the loan shall be August 1, 2032, and, at that time, all outstanding amounts owing Creditor shall be due.

    4.    Upon entry of the Order of confirmation, all non-monetary terms of the Note and Deed of Trust shall be in full force and effect and shall control.

    5.    The Debtor shall pay all unpaid pre-petition and pre-confirmation tax claims on or against the Property pursuant to the confirmed Plan. The Debtor shall pay all post-confirmation real property taxes related to the Property as they come due.

    6.    Once the confirmation order becomes final and non-appealable, in the event of a default in payments or terms of the Note or Deed of Trust, Creditor may proceed with the default provisions of the Note and Deed of Trust notwithstanding the status of the case.

    7.    This agreed order shall be construed as an accepting ballot for both the secured and unsecured claim of Creditor.

    8.    All other provisions of the Debtor's Chapter 11 plan shall remain in effect. However, in the event of a conflict between the terms of the proposed Plan, any amended Plans, the Order Confirming Plan and this Order, then this Order shall control.

**SO ORDERED.**

Prepared by and Consented To:

/s/ Laura A. Grifka
Laura A. Grifka TN, 015119
JOHNSON & FREEDMAN, LLC
Attorney for Creditor.
1587 Northeast Expressway
Atlanta, GA 30329
(678) 298-8888 - telephone
(404) 329-8125 - fax
lagrifka@jflegal.com

Approved for Entry:

/s/ Russell W. Savory *by permission*
Russell W. Savory
Attorney for Debtor-in-Possession
88 Union Avenue, 14th Floor
Memphis, Tennessee 38103
Phone: (901)523-1110
Email: Russell.savory@gwsblaw.com

J&F#1103579TN