**Dated: August 29, 2012**
**The following is SO ORDERED:**



_____
Paulette J. Delk
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN RE: | |
| ARNOLD R. DORMER, JR. | Case No. 11-27934-PJD |
| Debtor. | Chapter 11 |

ORDER CONFIRMING THIRD AMENDED PLAN OF REORGANIZATION

This proceeding was heard on August 28, 2012 before the Honorable Paulette J. Delk, United States Bankruptcy Judge, on confirmation (the "Confirmation Hearing") of the Third Amended Plan of Reorganization filed on July 30, 2012 (the "Plan").

After notice and opportunity for hearing, and based upon consideration of the statements of counsel for the Debtor, and the case record as a whole, the Court finds and orders as follows:

1. This proceeding is a core proceeding in accordance with 28 U.S.C. §157(b)(2)(A), (L) and (O).

2. All persons entitled to notice of the Confirmation Hearing, including any extensions thereof, received such notice.

4. The Plan complies with the applicable provisions of title 11 of the United States Code.

5. The Debtor, as proponent of the Plan, has complied with the applicable provisions of title 11 of the United States Code.

6. The Plan has been proposed in good faith and not by any means forbidden by law.

7. Any payment made or to be made by the Debtor for services or for costs and expenses in connection with the case have been approved or are subject to approval of the Court as reasonable.

8. Any outstanding 28 U.S.C. Section 1930(a)(6) quarterly fees that accrued prior to confirmation shall be paid by the Reorganized Debtor, and any outstanding monthly operating reports shall be filed by the Reorganized Debtor, within 14 days from the entry of any order of confirmation. After confirmation, the Reorganized Debtor shall be responsible for paying all 28 U.S.C. 1930(a)(6) fees and filing financial reports required by the United States Trustee until the instant case is closed, dismissed, or converted.

9. The Plan provides for the treatment of administrative claims in the manner required by 11 U.S.C. § 1129(a)(9).

10. Except as otherwise provided in any provision of the Plan, upon entry of this Order and pursuant to 11 U.S.C. § 1141(b) and (c), all property of the Estate shall vest in the Debtor free of all liens, security interests, mortgages or other interest in property securing an Allowed Claim. Pursuant to § 1146(c), no stamp taxes or other similar taxes shall be due as a result of the making or delivery of an instrument of transfer pursuant to the Plan.

11. The stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order. Immediately upon the entry of this Confirmation Order, this Confirmation

Order and the terms of the Plan shall be deemed binding upon the Reorganized Debtor and all holders of Claims against and Interests in the Debtors, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan.

12. Plan Confirmation shall be without prejudice to the pending Objection to Confirmation filed on behalf of Argent Mortgage, which Objection shall be resolved by a separate Agreed Order, the provisions of which shall take precedence over the applicable provisions set out in the Third Amended Plan.

13. The Objection to Confirmation filed on August 27, 2012 on behalf of J.P. Morgan Chase, shall be resolved by a separately entered Agreed Order, the provisions of which shall take precedence over the applicable provisions of the Third Amended Plan.

14. This Court reserves jurisdiction for the following purposes:

a. To determine the allowance, classification, or priority of claims and interests upon an objection by the Debtor, or by other parties in interest with standing to bring such objections or proceeding;

b. To construe or to take any action to enforce and execute this Plan, the Confirmation Order, or any other Order of the Bankruptcy Court, issue such Orders as may be necessary for the implementation, execution, performance, and consummation of this Plan and all matters referred to herein, and determine all matters that may be pending before the Bankruptcy Court in the Case on or before the Effective Date with respect to any entity;

c. To determine any and all applications for allowance of compensation and expense reimbursement of professionals employed by the Debtor for services rendered in periods commencing on or before the Effective Date;

d. To determine any other request for payment of administrative expenses;

  e. To resolve any dispute regarding the implementation, execution, performance, consummation, or interpretation of this Plan;

  f. To determine motions for the rejection, assumption, or assignment of executory contracts or unexpired leases filed before the Effective Date and the allowance of any claims resulting therefrom;

  g. To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted prior to entry of the Confirmation Order;

  h. To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

  i. To modify this Plan pursuant to 11 U.S.C. § 1127, to remedy any apparent defect or omission in this Plan or to reconcile any inconsistency in the Plan so as to carry out its intent and purposes;

  j. To issue injunctions or take such other actions or make such other Orders as may be necessary or appropriate to restrain interference with this Plan or its execution or implementation by any entity, including the Debtors and any members of the Debtors; and

  k. To issue such Orders in aid of consummation of the Plan and the Confirmation Order, notwithstanding any otherwise applicable non-bankruptcy law, with respect to any entity, to the full extent authorized by the Bankruptcy Code.

  l. To enter an Order of Discharge.

 IT IS, THEREFORE, ORDERED that the Plan be and is hereby CONFIRMED.

Approved by:

/s/ Russell W. Savory

_____
Russell W. Savory (12786)
Attorney for Debtor
88 Union Avenue, 14th Floor
Memphis, TN 38103
901-523-1110

Parties to be served:

Matrix