UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**ARNOLD R. DORMER, JR.,**                                  Case No. 11-27934-PJD

      **Debtor**                                                                 Chapter 11

**MOTION TO DETERMINE LOAN BALANCES OWED BY REORGANIZED DEBTOR TO NATIONSTAR MORTGAGE, AS ASSIGNEE OF CENLAR AND AURORA BANK FSB**

Comes now Arnold R. Dormer, Jr., the Reorganized Dormer ("Dormer"), by counsel, and moves the Court, pursuant to the terms of the Confirmed Plan of Reorganization, to determine proper balances owed by Dormer to Nationstar Mortgage, as assignee of Cenlar FSB and Aurora Bank FSB, and in support of his Motion, would show the Court as follows:

**FACTS**

1. This Chapter 11 case was filed on August 5, 2011.

2. On January 27, 2012, Dormer filed his Second Amended Plan of Reorganization (the "Plan"). Cenlar and Aurora were listed as creditors under Classes 26, 27, 29 and 64 of the Plan.

3. Nationstar Mortgage services the mortgages on four properties involved in this Chapter 11 case. Its successors in interest, Cenlar FSB and Aurora Bank FSB, filed certain objections to the Plan. See, D.E. 233 (Class 26), D.E. 320 (Class 27), and D.E. 486 (Class 64). Dormer and resolved the objections by making modifications to the treatment of Classes 26, 27 and 64 claims as set forth in the Agreed Orders docketed at D.E. 614, 626 and 630. No objection was filed as to Aurora's Class 29 claim.

4. On August 30, 2012, the Court entered its Order Confirming Plan [D.E. 652].

5. Pursuant to the terms of the confirmed Plan, Nationstar's successors in interest were listed as creditors holding first priority deeds of trust on the following parcels of real property:

| Class No. | Secured Claim | Property Address |
|---|---|---|
| 26 | $21,900.00 | 4146 Mountain Terrace, Memphis, TN |
| 27 | $22,000.00 | 4155 Mountain Terrace, Memphis, TN |
| 29 | $20,000.00 | 4175 Mountain Terrace, Memphis, TN |
| 64 | $22,000.00 | 4090 Mountain Terrace, Memphis, TN |

6. The effective date of the Plan was October 15, 2012.

7. Nationstar has failed to provide correct itemized statements of the outstanding loan balances prior to the effective date of the Plan.

8. The Debtor is current with all payments under the Plan. In spite of repeated communications requesting that Nationstar recognize the effect of the confirmed Plan and adjust its records accordingly, it has failed and refused to do so.

WHEREFORE, Dormer prays that the Court make a determination that the principal balance owed to Nationstar is as set out in the Plan and Agreed Orders resolving the Objections to Confirmation as of the Effective Date and that all payments due under the Plan are current, that the Court compel Nationstar to comply with the terms of the Agreed Orders, Plan and the Order Confirming Plan and provide correct statements, and for such other relief to which he may be entitled.

Respectfully submitted,

BEARD & SAVORY, PLLC

/s/ Russell W. Savory

Russell W. Savory (12786)
Attorney for Arnold R. Dormer, Jr.
119 South Main Street, Suite 500
Memphis, TN  38103
901-523-1110

CERTIFICATE OF SERVICE

I, Russell W. Savory, do hereby certify that a true and genuine copy of the foregoing pleading has been served on following parties by electronic notice or U.S. Mail, this 2nd Day of October, 2018:

Nationstar/Mr. Cooper
Lake Vista 4
800 State Highway 121 Bypass
Lewisville, TX 75067

/s/ Russell W. Savory
_____
Russell W. Savory